(February 25, 2002)

■ ALBERT AGNESE et al., Respondents, v ROBERT CATTANI, Appellant. [737 NYS2d 868] —In an action, inter alia, to recover damages for medical malpractice, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated July 30, 2001, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action sounding in lack of informed consent and substituting therefor

a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In support of that branch of the motion which was for summary judgment dismissing the plaintiffs' cause of action sounding in lack of informed consent, the defendant established that he disclosed to the injured plaintiff the inherent risks of the surgery. He also submitted an affidavit of an expert that the disclosure was proper. This was sufficient to make out a prima facie case entitling the defendant to summary judgment dismissing that cause of action and shifting the burden to the plaintiffs to show the existence of a triable issue of fact.

In response, the injured plaintiff, Albert Agnese, submitted his own deposition testimony. In that testimony, he asserted that the defendant had informed him that there would be no scarring and that the subject surgery would be a short, easy procedure. However, Agnese never testified that he would not have undergone the surgery had he known of the possible consequences. Furthermore, the affirmation of the plaintiffs' physician did not assert that there was a lack of informed consent. Instead, insofar as it related to that cause of action, the affirmation merely stated that there were two different versions of what had occurred. This is insufficient to meet the plaintiffs' burden. Accordingly, that branch of the motion which was for summary judgment dismissing the cause of action based on lack of informed consent should have been granted (*see, Lynn G. v Hugo,* 96 NY2d 306; *Alvarez v Prospect Hosp.,* 68 NY2d 320).

The defendant's remaining contentions are without merit. Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.