◼ Jill Wilson, Respondent, v Damiano Buffa, Appellant, et al., Defendant. [741 NYS2d 713] —In an action to recover damages for, inter alia, medical malpractice, the defendant Damiano Buffa appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 16, 2001, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendant Damiano Buffa; and it is further,

Ordered that upon searching the record, summary judgment is awarded to the defendant St. Charles Hospital and Rehabilitation Center dismissing the complaint insofar as asserted against it; and it is further,

Ordered that the appellant is awarded one bill of costs.

Contrary to the plaintiff's contention, the affidavit submitted by the defendant Damiano Buffa's medical expert was sufficient to establish Dr. Buffa's prima facie entitlement to judgment as a matter of law. The affidavit demonstrated that Dr. Buffa did not depart from the applicable standard of medical care, did not proximately cause the plaintiff's condition, and obtained a valid informed consent from the plaintiff (*see Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358; *O'Shaughnessy v Hines,* 248 AD2d 687).

The affidavit of the plaintiff's expert was insufficient to defeat Dr. Buffa's prima facie showing. It did not specify whether the expert reviewed the medical records maintained by Dr. Buffa and the defendant St. Charles Hospital and Rehabilitation Center (hereinafter the hospital). Moreover, the affidavit was entirely conclusory and failed to establish the elements of a medical malpractice claim by specific factual references to the care and treatment of the plaintiff. Finally, the affidavit did not address the issue of informed consent at all. Accordingly, Dr. Buffa is entitled to summary judgment.

The hospital did not file a notice of appeal, but asks this Court to search the record and grant relief pursuant to CPLR 3212 (b). It is settled law that the Appellate Division may grant relief to a nonappealing party on a summary judgment motion by virtue of its statutory authority to search the record under CPLR 3212 (b) (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112; *Howell v Davis,* 58 AD2d 852, *affd* 43 NY2d 874).

Here, the uncontroverted factual record indicates that Dr. Buffa was the plaintiff's private treating physician, and the plaintiff did not assert any independent acts of negligence against the hospital. Accordingly, upon searching the record, the complaint against the hospital must be dismissed (*see Hill v St. Clare's Hosp.,* 67 NY2d 72; *Bertini v Columbia Presbyt. Med. Ctr.,* 279 AD2d 492; *Davenport v County of Nassau,* 279 AD2d 497). Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.