■ NICHOLAS MONDO et al., Respondents, v JERRY L. ELLSTEIN et al., Appellants. [754 NYS2d 579] —In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Burke, J.), dated March 11, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Nicholas Mondo (hereinafter Mondo) initially visited the· defendant Dr. Jerry Ellstein in June 1996, approximately 4½ years after he injured his right hand. Mondo complained that he was unable to use the hand and that it was painful. Ellstein diagnosed Mondo as having Dupuytren's disease in the hand, and subsequently operated in an effort to alleviate the condition. Mondo and his wife commenced this action against Ellstein and the medical practice which he operated, claiming, inter alia, that Ellstein failed to inform Mondo of the risks, benefits, and alternatives to the surgical procedure which was performed. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

The defendants made a prima facie showing of entitlement to judgment as a matter of law with respect to the cause of action alleging lack of informed consent. Through the affidavit of Ellstein and the records related to Mondo's treatment, the defendants demonstrated that the surgery was not a proximate cause of Mondo's condition (see Public Health Law § 2805-d [3]; see also Wilson v Buffa, 294 AD2d 357, lv denied 98 NY2d 611). In opposition, the affidavit of the plaintiffs' expert was insufficient to demonstrate the existence of a triable issue of fact. The affidavit failed to connect the factual assertions made therein to the plaintiffs' claim other than in a conclusory manner (see Heshin v Levitt, 273 AD2d 442; Vogel v Palmieri, 221 AD2d 522).

The plaintiffs' cause of action alleging medical malpractice has been abandoned, and in any event, is not supported by their expert's affidavit. Altman, J.P., Smith, McGinity and Townes, JJ., concur.