■ MICHELLE ERICSON, Respondent, v SUSAN M. PALLESCHI et al., Appellants, et al., Defendants. [806 NYS2d 667]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Susan M. Palleschi, Peter Joseph Bongiovanni, North Shore University Hospital, and North Shore University Hospital Clinic appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated July 30, 2004, as denied that branch of the motion of the defendants Susan M. Palleschi, Peter Joseph Bongiovanni, and North Shore University Hospital Clinic for summary judgment dismissing the complaint insofar as asserted them.

Ordered that the appeal by the defendant North Shore University Hospital is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Susan M. Palleschi, Peter Joseph Bongiovanni, and North Shore University Hospital Clinic, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Susan M. Palleschi, Peter Joseph Bongiovanni, and North Shore University Hospital Clinic is granted, the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendants Susan M. Palleschi, Peter Joseph Bongiovanni, and North Shore University Hospital Clinic.

The defendants Susan M. Palleschi and Peter Joseph Bongiovanni (hereinafter the defendant doctors) performed a spigelian hernia repair procedure upon the plaintiff at the defendant North Shore University Hospital. The defendant doctors performed the procedure by securing a piece of prolene mesh to the plaintiff's anterior abdominal wall with spiral tacks. A year later, a nonparty physician performed exploratory surgery upon the plaintiff and removed two of the spiral tacks from the plaintiff's abdomen after she complained of lower abdominal pain. As a result, the plaintiff alleged, inter alia, that the defendant doctors negligently failed to remove foreign objects, i.e., the spiral tacks, from her body and failed to obtain her informed consent for the surgical procedure.

The defendant doctors and North Shore University Hospital Clinic (hereinafter the defendants) demonstrated their prima

facie entitlement to summary judgment dismissing the cause of action sounding in medical malpractice (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The affirmation of the defendants' medical expert established that the spiral tacks were not foreign objects, but rather were fixation devices intentionally inserted into the plaintiff's body for the purpose of treatment (see *Provenzano v Becall*, 138 AD2d 585 [1988]; *Lombardi v DeLuca*, 130 AD2d 632 [1987], *affd* 71 NY2d 838 [1988]; *Mitchell v Abitol*, 130 AD2d 633 [1987]).

In opposition, the plaintiff failed to raise a triable issue of fact by submitting an affidavit from a medical expert establishing that the defendants departed from accepted practice (see *Fiore v Galang*, 64 NY2d 999 [1985]; *Wilson v Buffa*, 294 AD2d 357 [2002]; *Wells v State of New York*, 228 AD2d 581 [1996]; *Romano v St. Vincent's Med. Ctr. of Richmond*, 178 AD2d 467 [1991]; *Amsler v Verrilli*, 119 AD2d 786 [1986]).

The defendants similarly established their prima facie entitlement to summary judgment dismissing the cause of action alleging lack of informed consent by demonstrating that the plaintiff signed a consent form after being informed of the surgical procedure and the alternatives, as well as the reasonably foreseeable risks and benefits (see *Bernard v Block,* 176 AD2d 843, 848 [1991]). The plaintiff failed to submit an affirmation from a medical expert to refute this prima facie showing (see *Wilson v Buffa, supra*).

Further, contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is inapplicable (see *Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589 [1988]).

Therefore, the Supreme Court should have granted summary judgment to the defendants. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.