■ KATHLEEN ORTAGLIA, Respondent, v ROBERT SCANLON, Appellant. [825 NYS2d 256]—In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 13, 2005, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In support of his motion for summary judgment dismissing the complaint, the defendant established through, inter alia, his deposition testimony, medical records, and an affidavit of an expert witness, his prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action; he also established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent by demonstrating that the plaintiff signed a consent form after being informed of the surgical procedure and alternatives, as well as the reasonably foreseeable risks and benefits (*see Ericson v Palleschi,* 23 AD3d 608 [2005]; *Wilson v Buffa,* 294 AD2d 357 [2002]; *see also* Public Health Law § 2805-d [1], [3]). Thus, the burden shifted to the plaintiff to raise a triable issue of fact in opposition to the motion (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Bowman v Chasky,* 30 AD3d 552 [2006]). The plaintiff, in opposition, through her own affidavit and the affidavit of her expert,

raised triable issues of fact as to whether she had given her informed consent, and whether the defendant deviated from good and accepted standards of medical practice and whether such departure proximately caused her injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York, supra* at 562). Accordingly, the Supreme Court properly denied the defendant's motion. Adams, J.P., Ritter, Lunn and Covello, JJ., concur.