■ PAULA BENGSTON, Appellant, v EDWARD WANG, Respondent. [839 NYS2d 159]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated March 3, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the plaintiff's cause of action alleging medical malpractice and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant performed a nerve decompression and neurolysis procedure upon the plaintiff to relieve symptoms such as pain and weakness in her left arm and hand. Following the surgery, the plaintiff was unable to extend three of the fingers on her left hand and was diagnosed with nerve damage. In this action alleging, inter alia, medical malpractice, the defendant's motion for summary judgment was granted. We modify.

The defendant established his prima facie entitlement to summary judgment dismissing the causes of action sounding in medical malpractice (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The affirmation of the defendant's medical expert established that the procedure was performed in accordance with good and accepted medical practices and that the damage the plaintiff suffered was a known risk of the procedure that occurs in the absence of malpractice. In opposition, however, the plaintiff raised a triable issue of fact by submitting the affirmation of an expert who opined, in contradiction to the defendant's expert, that the defendant was negligent in operating upon the motor branch of the radial nerve, which was not the source of the plaintiff's clinical problem, and in the manner in which he conducted the procedure. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005] [citations and internal quotation marks omitted]; *see Dandrea v Hertz*, 23 AD3d 332, 333 [2005]; *Shields v Baktidy*, 11 AD3d 671, 672 [2004]; *Fotinas v Westchester County Med. Ctr.*, 300 AD2d 437, 439 [2002]).

As for the plaintiff's lack of informed consent cause of action, the defendant established his prima facie entitlement to summary judgment by demonstrating that the plaintiff signed a consent form after being informed of the risks, benefits, and alternatives of the procedure (*see Ericson v Palleschi*, 23 AD3d 608, 610 [2005]). The plaintiff failed to submit an affirmation from a medical expert to raise a triable issue of fact. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.