■ KHADIJEH ETMINAN, Respondent, v JOHANN SASSON et al., Appellants. [857 NYS2d 685]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 8, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice. The defendants demonstrated their prima facie entitlement to summary judgment dismissing that cause of action by submitting an expert affidavit which established that they did not deviate or depart from accepted medical practices when performing elective, cosmetic surgery on the plaintiff. In opposition to the defendants' motion, the plaintiff raised a triable issue of fact by submitting a physician's affidavit which identified the act that allegedly deviated from accepted medical practices, explained why it was a deviation, and linked the deviation to the injuries she alleged (*see Wiands v Albany Med. Ctr.*, 29 AD3d 982, 984 [2006]; *Feinberg v Feit*, 23 AD3d 517, 519 [2005]).

The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent. The defendants made a prima facie showing of entitlement to judg-

ment as a matter of law. In addition to a consent form signed by the plaintiff, the defendants submitted deposition testimony of the defendant Dr. Johann Sasson regarding his discussions with the plaintiff about the surgical procedures, the alternatives to those procedures, and the reasonably foreseeable risks and benefits associated with those procedures (*see Ortaglia v Scanlon*, 35 AD3d 421 [2006]; *Ericson v Palleschi*, 23 AD3d 608, 610 [2005]). The plaintiff's submissions in opposition failed to address this issue at all, thus warranting summary judgment dismissing that cause of action (*see Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Wilson v Buffa*, 294 AD2d 357, 358 [2002]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.