■ YAMDA JOHNSON, Appellant, v STATEN ISLAND MEDICAL GROUP et al., Respondents, et al., Defendant. [918 NYS2d 132]—

Public Health Law § 2805-d (1) defines lack of informed consent as "the failure of the person providing the professional treatment . . . to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical, dental or podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation." To establish a cause of action sounding in lack of informed consent, a plaintiff must establish that "a reasonably prudent person in the patient's position would not have undergone the treatment . . . if he [or she] had been fully informed and that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought" (Public Health Law § 2805-d [3]; *see Thompson v Orner*, 36 AD3d 791 [2007]; *Manning v Brookhaven Mem. Hosp. Med. Ctr.*, 11 AD3d 518 [2004]).

Here, the defendants Staten Island Medical Group, Lance Jung, and Nicole Borger (hereinafter collectively the defendants) established their prima facie entitlement to judgment as a matter of law dismissing the cause of action based upon an alleged lack of informed consent insofar as asserted against the defendant Lance Jung by demonstrating that the plaintiff signed a consent form which stated, inter alia, that she had been informed about the proposed surgical procedure, and the alternatives thereto, as well as the reasonably foreseeable risks and benefits. In addition, Jung testified at his deposition that he informed the plaintiff regarding these issues during a preoperative discussion with her (*see Ortaglia v Scanlon*, 35 AD3d 421 [2006]; *Ericson v Palleschi*, 23 AD3d 608 [2005]). Furthermore, the defendants demonstrated that, in any event, a reasonably prudent person in the plaintiff's position would not have declined to undergo the surgery (*see* Public Health Law § 2805-d [3]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Agnese v Cattani*, 291 AD2d 515 [2002]; *Hylick v Halweil*, 112 AD2d 400, 401 [1985]), and that any lack of informed consent did not proximately cause any injury (*see Trabal v Queens Surgi-Center*, 8 AD3d 555 [2004]; *Mondo v Ellstein*, 302 AD2d 437 [2003]; *Bernard v Block*, 176 AD2d 843 [1991]; *Flores v Flushing Hosp. & Med. Ctr.*, 109 AD2d 198 [1985]). In response to these show-

ings, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly, upon reargument, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action based upon an alleged lack of informed consent insofar as asserted against Jung (*see Ortaglia v Scanlon*, 35 AD3d 421 [2006]; *Agnese v Cattani*, 291 AD2d at 516; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.