■ KIREN AHMED et al., Appellants, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents. [922 NYS2d 202]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief,

from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated October 9, 2009, as granted that branch of the motion of the defendants New York City Health & Hospitals Corporation, Coney Island Hospital, Shandanu Rastogi, and Soofia Rubbani which was for summary judgment dismissing the complaint insofar as asserted against them, and granted the separate motion of the defendants Jonathan Sheindlin and Mark Harooni for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice, alleging that the defendants deviated from accepted standards of care in failing to timely screen the infant plaintiff for "retinopathy of prematurity," a retinal disorder that can lead to blindness, and in failing to promptly order surgery following the diagnosis on May 7, 2004, of detached retinas. Following discovery, as pertinent here, the defendants New York City Health & Hospitals Corporation, Coney Island Hospital, Shandanu Rastogi, and Soofia Rubbani (hereinafter collectively the hospital defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The defendants Jonathan Sheindlin and Mark Harooni separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the separate motion of the defendants Sheindlin and Harooni which was for summary judgment dismissing the complaint insofar as asserted against them. We affirm the order insofar as appealed from.

On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure (see Stukas v Streiter, 83 AD3d 18, 24 [2011]; Breland v Jamaica Hosp. Med. Ctr., 49 AD3d 789 [2008]; DiMitri v Monsouri, 302 AD2d 420 [2003]). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician . . . so as to demonstrate the existence of a triable issue of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Stukas v Streiter, 83 AD3d 18, 24 [2011]). Gen-

eral allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *DiMitri v Monsouri*, 302 AD2d at 421).

Here, the hospital defendants and the defendants Harooni and Sheindlin met their prima facie burdens of establishing entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The submissions, which included an expert affirmation and an expert affidavit, established that the defendants did not deviate or depart from accepted medical practice in their treatment of the infant plaintiff. The conclusory expert affidavit submitted in opposition to the motion was insufficient to raise a triable issue of fact (*see Dunn v Khan*, 62 AD3d 828, 829 [2009]; *DiMitri v Monsouri*, 302 AD2d at 421).

Accordingly, the Supreme Court properly granted that branch of the hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the separate motion of the defendants Sheindlin and Harooni which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.