In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants Harvey Coopersmith and Radiology Associates of Brooklyn, LLP, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated February 4, 2010, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Mark Schwartz separately appeals, as limited by his brief, from so much of the same order as denied that branch of his separate motion, made jointly with the defendant Eugene J. Nowak, which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The defendants Harvey Coopersmith and Radiology Associates, LLP (hereinafter together the Radiology defendants), met their prima facie burden of establishing that they were entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Stukas v Streiter, 83 AD3d 18 [2011]), by demonstrating that any allegations of medical malpractice based upon acts that they committed prior to July 30, 2003, were time-barred (see CPLR 214-a). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine (see Gomez v Katz, 61 AD3d 108, 111 [2009]; Texeria v BAB Nuclear Radiology, P.C., 54 AD3d 1022 [2008]; Cherise v Braff, 50 AD3d 724, 726 [2008]; Mosezhnik v Berenstein, 33 AD3d 895, 896 [2006]). Accordingly, the Supreme Court properly denied that branch of the Radiology defendants' motion which was for summary judgment dismissing, as time-barred, so much of the complaint as was based upon their alleged acts of medical malpractice committed prior to July 30, 2003, insofar as asserted against them. Moreover, the Supreme Court properly denied that branch of the Radiology defendants' motion which was for summary judgment dismissing so much of the complaint as was based upon their alleged acts of medical malpractice committed on or after July 30, 2003, insofar as asserted against them. Although those defendants established their prima facie entitlement to judgment as a matter of law through the submission of, inter alia, their expert's affidavit, which opined that they met

the requirements of the standards of good and acceptable medical care in their interpretation of the injured plaintiff's mammograms and sonograms, the affidavits of the plaintiffs' experts submitted in opposition raised a triable issue of fact as to whether the Radiology defendants' conduct constituted medical malpractice (*see Stukas v Streiter*, 83 AD3d 18 [2011]).

The Supreme Court also properly denied that branch of the motion of the defendant Mark Schwartz, made jointly with the defendant Eugene J. Nowak, which was for summary judgment dismissing the complaint insofar as asserted against Schwartz. Schwartz met his prima facie burden of establishing that he was entitled to judgment as a matter of law by submitting evidence that he did not deviate or depart from accepted medical practice in the treatment of the injured plaintiff and did not fail to obtain the injured plaintiff's informed consent for that treatment (*see Ortaglia v Scanlon*, 35 AD3d 421 [2006]; *Ericson v Palleschi*, 23 AD3d 608, 610 [2005]). However, in opposition, the plaintiffs raised triable issues of fact as to whether Schwartz deviated or departed from accepted medical practice and as to whether the injured plaintiff gave her informed consent (*see generally Stukas v Streiter*, 83 AD3d 18 [2011]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.