■ Vincenzo Lahara, Appellant, v Paul Auteri et al., Respondents. [948 NYS2d 693]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants established their prima facie entitlement to judgment as a matter of law by establishing, through the deposition testimony, medical records, and the affirmation of their expert, that there was no departure from good and accepted medical practice, and, in any event, that any alleged departure was not a proximate cause of the plaintiff's injuries (*see Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823 [2012]; *Lau v Wan*, 93 AD3d 763 [2012]; *Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097 [2010]). The conclusions of the defendants' expert were supported by the medical records and deposition testimony (*see Arkin v Resnick*, 68 AD3d 692 [2009]).

The plaintiff failed to raise a triable issue of fact in opposition. The expert affirmation submitted by the plaintiff was conclusory, speculative, and without basis in the record, and, thus, was insufficient to defeat the defendants' motion for sum-

mary judgment (*see Lau v Wan*, 93 AD3d at 765; *Grosskopf v 8320 Parkway Towers Corp.*, 88 AD3d 765 [2011]). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.