█ KEITH MATOS et al., Respondents, v ARNOLD SCHWARTZ et al., Appellants, et al., Defendants. [960 NYS2d 209]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants Arnold Schwartz and Orthopedic Spine Care of L.I., P.C., appeal, and the defendant William Martin separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 31, 2011, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the separate motions of the appellants Arnold Schwartz and Orthopedic Spine Care of L.I., P.C., and the appellant William Martin, for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

On July 7, 2005, the injured plaintiff, Keith Matos, underwent spinal fusion surgery to alleviate back pain caused by lumbar disc degeneration. The surgery was performed by the defendant Arnold Schwartz, an orthopedic surgeon, with the assistance of the defendant William Martin, a vascular surgeon. During the course of the operation, which required the surgeons to gain access to the lumbar spine through the abdomen, the injured plaintiff's left iliac vein was torn. The injured plaintiff, and his wife suing derivatively, thereafter commenced this medical malpractice action against several parties, including Schwartz, Orthopedic Spine Care of L.I., P.C. (hereinafter Orthopedic Spine Care), a professional corporation of which Schwartz is a member, and Martin, alleging that they had negligently damaged the injured plaintiff's iliac vein during the surgery, resulting in serious complications including retrograde ejaculation. The plaintiffs also alleged that those defendants had failed to obtain the injured plaintiff's informed consent to the surgery. After discovery had been completed, the defendants Schwartz and Orthopedic Spine Care, and the defendant Martin, separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied their respective motions.

Schwartz and Orthopedic Spine Care made a prima facie showing of their entitlement to judgment as a matter of law dismissing the causes of action sounding in medical malpractice insofar as asserted against them. Schwartz and Orthopedic Spine Care established, through the submission of deposition testimony, medical records, and the affirmation of an expert neurosurgeon, that Schwartz did not depart from good and accepted medical practice in his treatment of the injured plaintiff (see Lahara v Auteri, 97 AD3d 799 [2012]; Calli v Forest View Ctr. for Rehabilitation & Nursing, Inc., 91 AD3d 898, 899 [2012]; McLoughlin v Suffolk Obstetrics & Gynecology, LLP, 85 AD3d 984, 984 [2011]). The expert neurosurgeon concluded in his affirmation that Schwartz appropriately recommended spinal fusion surgery to the injured plaintiff, that an injury to the iliac vein and retrograde ejaculation were known and accepted complications associated with this type of surgery, which could occur in the absence of negligence, and that nothing in the

manner in which Schwartz performed the surgery increased the risk of injury to the iliac vein (*see Swanson v Raju*, 95 AD3d 1105, 1106 [2012]; *Bengston v Wang*, 41 AD3d 625, 626 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affirmation of the plaintiffs' medical expert was conclusory and unsupported by competent evidence, and thus insufficient to defeat summary judgment (*see Lahara v Auteri*, 97 AD3d at 799-800; *Calli v Forest View Ctr. for Rehabilitation & Nursing, Inc.*, 91 AD3d at 899; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 711 [2011]).

In addition, Schwartz and Orthopedic Spine Care made a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action sounding in lack of informed consent insofar as asserted against them by submitting evidence that Schwartz explained the risks and complications associated with the spinal fusion surgery to the injured plaintiff, and that the injured plaintiff signed a written consent form which stated, inter alia, that he had been fully informed of the expected benefits and potential complications of the procedure, and the alternatives thereto (*see Vodos v Coopersmith*, 85 AD3d 909, 910 [2011]; *Johnson v Staten Is. Med. Group*, 82 AD3d 708, 709 [2011]; *Etminan v Sasson*, 51 AD3d 623, 624 [2008]; *Ortaglia v Scanlon*, 35 AD3d 421 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Johnson v Staten Is. Med. Group*, 82 AD3d at 709). Accordingly, the Supreme Court should have granted the motion of Schwartz and Orthopedic Spinal Care for summary judgment dismissing the complaint insofar as asserted against them.

Martin also made a prima facie showing of his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him through, inter alia, the affirmation of an expert vascular surgeon who opined that the injury to the iliac vein occurred during the orthopedic portion of the spinal fusion surgery, and that Martin did not depart from good and accepted medical practice in performing the vascular portion of the surgery (*see Lahara v Auteri*, 97 AD3d at 799; *Calli v Forest View Ctr. for Rehabilitation & Nursing, Inc.*, 91 AD3d at 899; *McLoughlin v Suffolk Obstetrics & Gynecology, LLP*, 85 AD3d at 984). Moreover, Martin made a prima facie showing that he did not fail to obtain the injured plaintiff's informed consent to the surgery (*see Vodos v Coopersmith*, 85 AD3d at 910; *Johnson v Staten Is. Med. Group*, 82 AD3d at 709; *Etminan v Sasson*, 51 AD3d at 624; *Ortaglia v Scanlon*, 35 AD3d at 421). In opposition, the plaintiffs' submissions, including the conclusory affirmation of their expert, were insufficient to raise a triable issue

of fact (*see Lahara v Auteri*, 97 AD3d at 799-800; *Calli v Forest View Ctr. for Rehabilitation & Nursing, Inc.*, 91 AD3d at 899; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d at 711; *see also Johnson v Staten Is. Med. Group*, 82 AD3d at 709).

Furthermore, we reject the plaintiffs' alternative argument (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 548 [1983]) that Martin's motion for summary judgment dismissing the complaint insofar as asserted against him should have been denied as untimely. Although Martin's motion was made five days beyond the deadline fixed by CPLR 3212 (a), he demonstrated good cause for this de minimis delay (*see Valenzano v Valenzano*, 98 AD3d 661, 662 [2012]; *Popalardo v Marino*, 83 AD3d 1029, 1030 [2011]; *Castro v Homsun Corp.*, 34 AD3d 616, 617 [2006]; *Stimson v E.M. Cahill Co., Inc.*, 8 AD3d 1004, 1005 [2004]). In addition, while the expert affirmation initially submitted by Martin was defective in form because the expert was not a physician licensed in New York (*see* CPLR 2106), he corrected this technical defect in reply by submitting the identical evidence in proper form. Under these circumstances, the original defect in form does not require denial of Martin's motion (*see* CPLR 2001; *cf. Koufalis v Logreira*, 102 AD3d 750 [2013]; *Hayden v Gordon*, 91 AD3d 819, 820 [2012]; *Coccia v Liotti*, 70 AD3d 747, 752 [2010]). Eng, P.J., Dickerson, Lott and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31436(U).]**