In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant appeals from an order of the Supreme Court, Queens County (O’Donoghue, J.), entered June 12, 2012, which denied his motion for summary judgment dismissing the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging lack of informed consent and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
*978 In this action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiffs allege that the defendant, Henry Buitriago, a physician’s assistant, negligently administered a cortisone injection into the injured plaintiffs right hand on June 12, 2009, resulting in her contracting a staph infection, and failed to inform her of the risk of infection associated with receiving an injection.
The Supreme Court correctly denied that branch of the defendant’s motion which was for summary judgment dismissing the medical malpractice cause of action. “The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage” (Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006 [2010]; see Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 616 [2012]; Deutsch v Chaglassian, 71 AD3d 718, 719 [2010]). “On a motion for summary judgment [in a medical malpractice action], a defendant . . . has the burden of establishing the absence of any deviation or departure, or that the patient was not injured thereby” (Castro v New York City Health & Hosps. Corp., 74 AD3d at 1006; see Stukas v Streiter, 83 AD3d 18, 24 [2011]; Deutsch v Chaglassian, 71 AD3d at 719). If a defendant establishes, prima facie, his or her entitlement to judgment as a matter law, then the plaintiff must submit evidentiary facts or materials to rebut the prima facie showing, so as to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Stukas v Streiter, 83 AD3d at 24; Castro v New York City Health & Hosps. Corp., 74 AD3d at 1006).
Here, the defendant failed to make a prima facie showing of his entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice because he failed to tender sufficient evidence to eliminate all material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The injured plaintiff testified at her deposition, the transcript of which was submitted on the motion by the defendant, that the defendant neither washed his hands nor wore gloves during the injection procedure. In deciding a motion for summary judgment, the court must view the evidence in a light most favorable to the party opposing the motion and must give that party the benefit of every favorable inference (see Vella v One Bryant Park, LLC, 90 AD3d 645, 646 [2011]). Since the defendant’s medical expert did not offer an opinion as to whether a practitioner’s administration of an injection without wearing gloves and without first *979 washing his or her hands deviated from accepted practice, the defendant failed to eliminate all issues of fact in the case. Moreover, as the defendant’s expert admitted that one of the causes of the injured plaintiff’s staph infection could have been the injection, the defendant failed to meet his burden of establishing that the infection was not caused by his treatment of the injured plaintiff (see Alvarez v Prospect Hosp., 68 NY2d at 324; Stukas v Streiter, 83 AD3d at 24).
Contrary to the defendant’s contention, the injured plaintiffs deposition testimony regarding the manner in which the defendant administered the injections was not incredible as a matter of law, as it was not “impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory” (People v Garafolo, 44 AD2d 86, 88 [1974] [internal quotation marks omitted]). Thus, any conflict in the testimony merely raised an issue of fact for the factfinder to resolve (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]). Accordingly, that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging medical malpractice was properly denied, regardless of the sufficiency of the plaintiffs’ opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging lack of informed consent. “To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury” (Spano v Bertocci, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; see Public Health Law § 2805-d [1]).
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the cause of action based upon an alleged lack of informed consent by submitting his deposition testimony, office records, and medical expert’s opinion demonstrating that he properly informed the injured plaintiff about the proposed injection procedure, and the alternatives thereto, as well as the reasonably foreseeable risks and benefits *980 (see Johnson v Staten Is. Med. Group, 82 AD3d 708, 709 [2011]; Ortaglia v Scanlon, 35 AD3d 421 [2006]; Ericson v Palleschi, 23 AD3d 608 [2005]). Furthermore, the defendant demonstrated that, in any event, a reasonably prudent person in the injured plaintiffs position would not have declined to undergo the injection procedure (see Public Health Law § 2805-d [3]; Johnson v Staten Is. Med. Group, 82 AD3d at 709; Thompson v Orner, 36 AD3d 791 [2007]; Agnese v Cattani, 291 AD2d 515 [2002]), and that any lack of informed consent did not proximately cause any injury (see Johnson v Staten Is. Med. Group, 82 AD3d at 709; Trabal v Queens Surgi-Center, 8 AD3d 555, 557 [2004]; Mondo v Ellstein, 302 AD2d 437, 438 [2003]). In response to these showings, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324; Johnson v Staten Is. Med. Group, 82 AD3d at 709-710). Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.