■ STACEY M. CAFARO, Respondent, v BARI F. CEKA et al., Appellants, et al., Defendants. [991 NYS2d 350]—

In an action, inter alia, to recover damages for medical mal-

practice, the defendants Bari F. Ceka, Tottenville Medical Pavillion, PLLC, Ralph J. Ciccone, and Staten Island Pulmonary Associates, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated December 17, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Bari F. Ceka, Tottenville Medical Pavillion, PLLC, Ralph J. Ciccone, and Staten Island Pulmonary Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff is the administrator of the estate of the decedent, Janice Cafaro. The plaintiff commenced this action alleging, inter alia, that the appellants failed to diagnose and treat an obstruction of the decedent's common bile duct, and that this failure, along with hemorrhagic pancreatitis, ultimately caused the decedent's death. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, denied their motion, concluding that the plaintiff had raised a triable issue of fact in opposition to their prima facie establishment of their entitlement to judgment as a matter of law.

On their motion for summary judgment dismissing the complaint in this medical malpractice action, the appellants were required to make a prima facie showing that there was no departure from good and accepted medical practice, or that any claimed departure was not the proximate cause of the decedent's injuries (*see Stukas v Streiter*, 83 AD3d 18, 24 [2011]). To defeat the motion after the appellants made the necessary prima facie showing, the plaintiff was obligated to submit evidence sufficient to raise a triable issue of fact (*see id.* at 31).

Here, as the Supreme Court properly determined, the appellants satisfied their prima facie burden by establishing, through deposition testimony, medical records, and the detailed and specific affirmation of their expert, that they did not depart from good and accepted medical practice in their treatment of the decedent (*see id.* at 30-31). Contrary to the court's conclusion, however, the plaintiff failed to raise a triable issue of fact in opposition. The affirmation of the plaintiff's expert was conclusory and speculative (*see Lahara v Auteri*, 97 AD3d 799, 799-800 [2012]). In this respect, the plaintiff's expert failed to explain why the appellants should have suspected a blockage of the decedent's common bile duct while the decedent was in

their care (*see David v Hutchinson*, 114 AD3d 412, 413 [2014]). Moreover, to the extent that the opinion of the plaintiff's expert rested on an area of "haziness" depicted in a CT scan, the expert's opinion is without basis in the record (*see Lahara v Auteri*, 97 AD3d at 799-800), because the "haziness" related to a part of the decedent's abdomen different from that in which the common bile duct is situated. Since the plaintiff failed to raise a triable issue of fact, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]). Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.