■ JESSICA CARIOSCIA et al., Appellants, v JULIE WELISCHAR, M.D., et al., Defendants, and MEGAN LOCHNER, M.D., et al., Respondents. [2 NYS3d 550]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated November 21, 2012, as granted the motion of the defendant Susan Fish and that branch of the separate motion of the defendants Megan Lochner and Stony Brook Gynecology & Obstetrics, P.C., which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered February 20, 2014, which, upon the order, is in favor of those defendants and against the plaintiffs, dismissing the complaint insofar as asserted against those defendants. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A defendant seeking summary judgment in a medical malpractice action has the burden of establishing, prima facie, that the defendant did not depart from the applicable standard of care or that any such departure was not a proximate cause of injury to the plaintiff (*see Ahmed v Pannone*, 116 AD3d 802, 805 [2014]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). In opposition, a plaintiff need only raise a triable issue of fact as to the prima facie showing that the defendant made (*see Ahmed v Pannone*, 116 AD3d at 805-806; *Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]; *Stukas v Streiter*, 83 AD3d at 25). Here, the defendant Susan Fish, and the defendants Megan Lochner and Stony Brook Gynecology & Obstetrics, P.C. (hereinafter SBGO), established, prima facie, that none of their alleged departures from the standard of care, singly or together, proximately caused the injuries allegedly sustained by the injured plaintiff (*see Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d at 820). In opposition, the plaintiffs failed to raise a triable issue of fact on that issue. Specifically, the affirmation of their medical expert as to proximate cause was conclusory (*see Giambona v Hines*, 104 AD3d 807, 810 [2013]; *cf. Cafaro v Ceka*, 120 AD3d 732, 733 [2014]). Accordingly, the Supreme Court correctly granted Fish's motion and that branch of the separate motion of Lochner and SBGO which was for summary judgment dismissing the complaint insofar as asserted against them (*see Reilly v Cohen*, 121 AD3d 961, 962 [2014]; *Navarra v Four Winds Hospital-Westchester*, 95 AD3d 850, 851 [2012]).

The parties' remaining contentions either are without merit or need not be addressed in light of the foregoing. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.