B.J. v Schulz (2024 NY Slip Op 01268)

B.J. v Schulz

2024 NY Slip Op 01268

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 30054/20 Appeal No. 1828 Case No. 2023-04002 

[*1]B.J., etc., Respondent,
v
Jacob Schulz et al., Appellants.

Yoeli Gottlieb & Etra LLP, New York (Ryne Duchmann of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered July 28, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this medical malpractice action, plaintiff claims that the subject infant plaintiff sustained nerve damage due to defendant Dr. Jacob Schulz's negligence while performing spinal surgery on the infant. The motion court correctly found that plaintiff's expert raised triable issues of fact as to whether defendant Schultz deviated from good and acceptable medical practice in the manner in which he performed the surgery at issue (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Defendants' arguments that the opinion was conclusory and did not rely on facts in the record are unpersuasive (see Masucci v Feder, 196 AD2d 416, 419-420 [1st Dept 1993]). While nerve injury is a known risk of the surgery, plaintiff adduced sufficient evidence that the injury here may have been caused by negligence on the part of Dr. Schulz, i.e., through use of the surgical instrument, a Bovie electrocautery, in an area where the dura was unprotected by posterior spine (see generally Murphy v Chinatown Cardiology, P.C., 220 AD3d 539, 540-541 [1st Dept 2023]; Bengston v Wang, 41 AD3d 625, 626 [2d Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024