Kallo v Kane St. Synagogue (2025 NY Slip Op 04558)

Kallo v Kane St. Synagogue

2025 NY Slip Op 04558

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-01543
 (Index No. 515591/19)

[*1]Janet Kallo, respondent, 
v
Kane Street Synagogue, et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Adam R. Bialek of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for fraud and promissory estoppel, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 1, 2022. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, without costs or disbursements.
In July 2019, the plaintiff commenced an action against the defendants, Kane Street Synagogue, Hedi Hruby, Jill Rose, Leslie Wilsher, Lisa Smith, and Alan Bell, to recover damages for, inter alia, malicious prosecution, defamation, and wrongful interference with an employee relationship. By order dated November 17, 2020, the Supreme Court granted the defendants' motion to dismiss the complaint and granted that branch of the plaintiff's cross-motion which was for leave to file an amended complaint only to allege causes of action for fraud and promissory estoppel as against Bell. The plaintiff then filed an amended complaint alleging causes of action for fraud and promissory estoppel against all of the defendants. The defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint. In support of the motion, the defendants submitted, among other things, an unsworn and unnotarized declaration of Bell. The plaintiff opposed the motion. In reply, the defendants submitted a notarized affirmation of Bell wherein he affirmed under the penalties of perjury that the statements set forth in the initial declaration were true and correct. In an order dated November 1, 2022, the court declined to consider Bell's declaration and denied the defendants' motion. The defendants appeal. We affirm, albeit on different grounds.
Effective January 1, 2024, CPLR 2106, as amended, provides that "[t]he statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit." Prior to such amendment, courts held that "[a]ny person who, for religious or other reasons, wishes to use an affirmation as an alternative to a sworn statement may do so, but such affirmation must be made before a notary public or other authorized official, and the affirmant must be answerable for the crime of perjury should he [or she] make a false statement" (U.S. Bank N.A. v Langner, 168 AD3d 1021, 1023 [internal quotation marks omitted]; see Slavenburg Corp. v Opus Apparel, Inc., 53 NY2d 799, 801 n). Here, the declaration submitted by the defendants was signed by Bell prior to the amendment to CPLR 2106. Although the declaration was signed by Bell under the penalties of perjury, it was not notarized, and thus was not in admissible form under the law in [*2]effect at the time (see CPLR 2106; Pollack v Ovadia, 173 AD3d 464, 464).
However, CPLR 2001 permits a court to disregard a party's "mistake, omission, defect or irregularity . . . if a substantial right of a party is not prejudiced" (see Mirzakandov v Mazal U Bracha, LLC, 216 AD3d 966, 967). "A court may therefore consider materials submitted in reply that serve to correct procedural, technical, and/or ministerial defects in a party's moving papers by exercising its discretion pursuant to CPLR 2001, so long as the opposing party suffers no prejudice" (id.; see Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359). Here, the defendants submitted a signed and notarized affirmation of Bell with their reply papers wherein he affirmed, inter alia, that the statements set forth in the initial declaration were true and correct. Since any defect with regard to the declaration's form was cured by the affirmation submitted by the defendants in reply, and the plaintiff suffered no prejudice, the Supreme Court improvidently exercised its discretion in declining to consider the declaration (see Galluccio v Grossman, 161 AD3d 1049, 1053; Matos v Schwartz, 104 AD3d 650, 653).
Nevertheless, "[o]n a motion to dismiss pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Schwartz v Fallah, 230 AD3d 1263, 1264; see Cantor v Villucci, 212 AD3d 765, 766). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Schwartz v Fallah, 230 AD3d at 1264 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). Here, Bell's declaration, which merely raised questions of fact with regard to the plaintiff's allegations set forth in the amended complaint, was insufficient to establish the defendants' entitlement to dismissal pursuant to CPLR 3211(a)(7), as it failed to demonstrate that the plaintiff had no cause of action (see generally Schwartz v Fallah, 230 AD3d at 1264).
Contrary to the defendants' contention, the amended complaint is not barred by the doctrine of res judicata, since no judgment on the merits exists from a prior action between the same parties involving the same subject matter (see CPLR 3211[a][5]; Ciafone v City of New York, 227 AD3d 946, 948).
The defendants failed to establish any other basis for dismissing the amended complaint.
Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court