Cozine v Maimonides Med. Ctr. (2025 NY Slip Op 04975)

Cozine v Maimonides Med. Ctr.

2025 NY Slip Op 04975

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-00574
 (Index No. 506983/19)

[*1]Dawn Cozine, etc., respondent, 
v
Maimonides Medical Center, et al., defendants, Lev Paukman, doing business as Paukman Bioage Clinic, appellant.

Barker Patterson Nichols, LLP, New York, NY (Bhalinder L. Rikhye of counsel), for appellant.
Kerner & Kerner, P.C., New York, NY (Kenneth T. Kerner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the defendant Lev Paukman, doing business as Paukman Bioage Clinic, appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated September 24, 2023. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, to preclude certain testimony of the plaintiff's expert witness and for related relief.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Lev Paukman, doing business as Paukman Bioage Clinic, which was for summary judgment dismissing the complaint insofar as asserted against him is granted, and those branches of that defendant's motion which were, in the alternative, to preclude certain testimony of the plaintiff's expert witness and for related relief are denied as academic.
The plaintiff, individually and as the administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against the defendant Lev Paukman, doing business as Paukman Bioage Clinic (hereinafter the defendant), among others. The defendant had treated the decedent with testosterone therapy. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, to preclude certain testimony of the plaintiff's expert witness and for related relief. In an order dated September 24, 2023, the Supreme Court, among other things, denied the defendant's motion. The defendant appeals.
A defendant physician seeking summary judgment dismissing a medical malpractice cause of action must make a prima facie showing either that there was no departure from good and accepted medical practice or that the plaintiff was not injured by any such departure (see Quinones v Winthrop Univ. Hosp., 230 AD3d 1170, 1171; Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden (see Rivera v Stand Up MRI of Elmhurst, P.C., 235 AD3d 918, 919; Quinones v Winthrop Univ. Hosp., 230 AD3d at 1171). While generally summary judgment is not appropriate on a medical malpractice cause of [*2]action where the parties adduce conflicting medical expert opinions, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact (see Quinones v Winthrop Univ. Hosp., 230 AD3d at 1171-1172; Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898).
Here, the defendant demonstrated, prima facie, that he did not deviate from good and accepted medical practice in his treatment of the decedent through the submission of expert medical opinions and the decedent's medical records (see Avgi v Policha, 232 AD3d 838, 840; Quinones v Winthrop Univ. Hosp., 230 AD3d at 1172). In opposition, the plaintiff's expert opinion was speculative and failed to raise a triable issue of fact (see Avgi v Policha, 232 AD3d at 840; Ratner v McNeil-PPC, Inc., 91 AD3d 63, 76-78). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against him.
Furthermore, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent insofar as asserted against him by submitting evidence that he properly informed the decedent about the treatment and the reasonably foreseeable risks (see Zapata v Buitriago, 107 AD3d 977, 979; Johnson v Staten Is. Med. Group, 82 AD3d 708, 709). In opposition, the plaintiff failed to raise a triable issue of fact (see Zapata v Buitriago, 107 AD3d at 980).
In light of our determination, those branches of the defendant's motion which were, in the alternative, to preclude certain testimony of the plaintiff's expert witness and for related relief have been rendered academic. The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court