NICOLETTA FIORENTINO, Respondent, v TEC HOLDINGS, LLC, Appellant. [911 NYS2d 146]—

In an action to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 8, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent tripped and fell in front of premises owned by the defendant. According to the plaintiff, who witnessed the accident, the fall caused the decedent to strike his head, bleed profusely, and lose consciousness. While waiting for an ambulance to arrive, a doctor performed cardiopulmonary resuscitation. The decedent was transported to a hospital, where he remained until his death three weeks later. The decedent's death certificate, signed by his personal treating physician, stated that the manner of death was "natural causes," and listed "cardiorespiratory arrest" as the immediate cause of death, with cardiac arrhythmia and atherosclerosis as contributing factors. Shortly after the commencement of this action, the defendant moved for summary judgment dismissing the complaint in its entirety upon the sole ground that the decedent's death certificate established that the subject accident

was not the cause of his death. The Supreme Court denied the defendant's motion, and we affirm.

A properly certified death certificate is prima facie evidence of the facts stated therein (*see* Public Health Law § 4103 [3]; CPLR 4520). Thus, the defendant made a prima facie showing of its entitlement to judgment as a matter of law dismissing the plaintiff's wrongful death cause of action by submitting a certified copy of the decedent's death certificate, which indicated that he died of natural causes rather than from injuries sustained in the accident (*see Roques v Noble*, 73 AD3d 204 [2010]; *see also Stein v Lebowitz-Pine View Hotel*, 111 AD2d 572, 573 [1985]; *Anderson v Commercial Travelers Mut. Acc. Assn.*, 73 AD2d 769, 770 [1979]). However, in opposition to the motion for summary judgment, the plaintiff submitted an affirmation from the treating physician who had signed the death certificate. The treating physician opined, based upon his review of medical records and his own familiarity with the decedent, that the stress of the fall had caused the decedent to suffer cardiorespiratory arrest and hastened his death. Contrary to the defendant's contention, the treating physician's affirmation was sufficient to raise a triable issue of fact as to whether injuries sustained as a result of the subject accident contributed to or hastened the decedent's death (*see Roques v Noble*, 73 AD3d 204 [2010]). Thus, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death.

The defendant's motion for summary judgment did not assert any legal arguments with respect to the three additional causes of action set forth in the complaint, and the submission of the death certificate was not sufficient to establish the defendant's prima facie entitlement to judgment as a matter of law dismissing those causes of action. Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the three additional causes of action, regardless of the sufficiency of the opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.