■ LAURA CAPOBIANCO, Respondent, v NICHOLAS MARCHESE, D.P.M., et al., Appellants, et al., Defendants. [4 NYS3d 127]—

In an action, inter alia, to recover damages for podiatric malpractice, the defendant Nicholas Marchese appeals from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated April 12, 2013, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendants Robert J. Gottlieb, D.P.M., P.C., Robert J. Gottlieb, David E. Negron, and Maria N. Pecora, separately appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed insofar as asserted against the defendants Nicholas Marchese, Robert J. Gottlieb, D.P.M., P.C., Robert J. Gottlieb, David E. Negron, and Maria N. Pecora.

The plaintiff sustained injuries to her left foot in June 2006 and sought podiatric treatment from the defendant Nicholas Marchese. The plaintiff complained of pain and weakness in her foot, with numbness in her toes. Marchese diagnosed a sprain and made no findings that caused him to suspect a fracture. He took X rays of the plaintiff's foot that did not show a fracture. At an August 10, 2006, visit with Marchese, the plaintiff reported that her pain had shifted slightly. Marchese ordered a magnetic resonance imaging (hereinafter MRI) report based on the plaintiff's new symptoms, and he received the report on August 15, 2006. Based on the report, he determined that the plaintiff's pain was not the result of a fracture. He did not consider ordering a CT scan, as it would not more fully characterize the extent of a fracture than an MRI. Marchese diagnosed the plaintiff with a bone contusion.

The plaintiff subsequently went to the office of the defend-

ants Robert J. Gottlieb, David E. Negron, and Maria N. Pecora for a second opinion (hereinafter, together with Marchese, the defendants). X rays taken at that office and a second MRI showed no fractures. There was no indication for a CT scan until July 10, 2007, when the plaintiff visited Negron with new symptoms, including sharp cramping of the lateral midfoot and pain in the dorsal margin anterior process over the anterior calcaneal process. Negron ordered a CT scan, which was performed on July 14, 2007. The results of the scan indicated an old avulsion fracture arising from the distal lateral aspects of the calcaneus. The plaintiff had surgery in November 2007 to remove a bone fragment from her left foot.

The Supreme Court erred in denying those branches of the defendants' respective motions which were for summary judgment dismissing the podiatric malpractice causes of action. In order to establish their prima facie entitlement to judgment as a matter of law, the defendants were required to show either that there was no departure from accepted practice, or that any departure was not a proximate cause of the plaintiff's injuries (*see Williams v Bayley Seton Hosp.*, 112 AD3d 917, 918 [2013]; *Arocho v D. Kruger, P.A.*, 110 AD3d 749, 750 [2013]; *Khosrova v Westermann*, 109 AD3d 965 [2013]). Here, Gottlieb, Negron, and Pecora submitted the expert affidavit of Craig Campbell, who stated within a reasonable degree of podiatric certainty that the care rendered to the plaintiff by those defendants was in accordance with good and accepted practice, and did not proximately cause or contribute to any injuries. Campbell stated that it was unnecessary for those defendants to have rendered any additional treatment to the plaintiff, because the radiologic and diagnostic studies and examinations by them did not indicate that there was a fracture of the plaintiff's left foot or ankle until July 2007. There was no clinical or diagnostic evidence that the plaintiff had a fracture prior to July 2007. Campbell stated that it was appropriate for those defendants to rely upon the MRI reports, which showed no evidence of a fracture in the plaintiff's left foot. Campbell indicated why a CT scan was not indicated and an MRI was sufficient to diagnose a fracture, and set forth how each of those defendants' care and treatment of the plaintiff met the relevant standard of care. Campbell's affidavit was sufficient to establish those defendants' prima facie entitlement to judgment as a matter of law regarding the podiatric malpractice causes of action by showing that they did not depart from good and accepted practice in their care and treatment of the plaintiff, and that, in any event, their care and treatment did not proximately cause the plaintiff's injuries (*see Kelley v*

*Kingsbrook Jewish Med. Ctr.*, 100 AD3d 600 [2012]; *Wilkins v Khoury*, 72 AD3d 1067 [2010]).

Similarly, Marchese submitted the expert affidavit of Russell Caprioli, who stated within a reasonable degree of podiatric certainty that Marchese met the standard of care at all times in the treatment he rendered to the plaintiff from June 15, 2006, until October 27, 2006. He stated that it was unnecessary for Marchese to render any treatment other than what was already rendered to the plaintiff, because the radiology films, Marchese's examination of the plaintiff, and the plaintiff's complaints did not indicate a fracture to the plaintiff's left foot or ankle. Caprioli set forth how Marchese's care and treatment met the relevant standard of care, why a CT scan was not indicated, and why an MRI was a more than appropriate diagnostic tool to diagnose the presence of an avulsion fracture. He stated that Marchese did not depart from accepted practice, and did not cause or contribute to the plaintiff's claimed injuries. His affidavit was sufficient to establish Marchese's prima facie entitlement to judgment as a matter of law with respect to the podiatric malpractice causes of action.

The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing. The plaintiff submitted an unsigned and redacted expert affidavit in opposition to the motion. An unsigned and redacted physician's affidavit should not be considered in opposition to a motion for summary judgment where the plaintiff does not offer an explanation for the failure to identify the expert by name and does not tender an unredacted affidavit for in camera review. Such an affidavit is insufficient to raise a triable issue of fact (*see France v Packy*, 121 AD3d 836 [2014]; *Derrick v North Star Orthopedics, PLLC*, 121 AD3d 741 [2014]; *Rose v Horton Med. Ctr.*, 29 AD3d 977, 978-979 [2006]). The plaintiff did not submit an unredacted affidavit for the court to review, and did not offer an explanation for her failure to identify the expert by name.

In any event, the affidavit of the plaintiff's expert was conclusory, as he stated that a CT scan would be a better and more accurate tool than an MRI to diagnose an avulsion fracture, but did not explain the reasons for this opinion. Furthermore, the expert stated only that an earlier diagnosis *may* have allowed the fracture to heal without surgery, which is mere speculation. Therefore, even if the affidavit were admissible, it would not have been sufficient to raise a triable issue of fact (*see Barrocales v New York Methodist Hosp.*, 122 AD3d 648 [2014]; *Ahmed v Pannone*, 116 AD3d 802, 806 [2014]; *Khosrova v Westermann*, 109 AD3d at 967).

Furthermore, the Supreme Court erred in denying those branches of the defendants' respective motions which were for summary judgment dismissing the causes of action alleging lack of informed consent and negligent hiring and supervision. The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent by establishing that there was no allegation by the plaintiff that her injuries were due to an affirmative violation of her physical integrity (*see Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097, 1099 [2010]). They established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent hiring and supervision by establishing that the plaintiff had failed to identify any employee allegedly negligently hired or supervised (*see Sita v Long Is. Jewish-Hillside Med. Ctr.*, 22 AD3d 743 [2005]). The plaintiff failed to raise a triable issue of fact in opposition, as she never addressed these causes of action in her opposition papers, and did not specifically oppose those branches of the defendants' motions which were for summary judgment dismissing them (*see Tom v Sundaresan*, 107 AD3d 479 [2013]; *Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097 [2010]).

Accordingly, the Supreme Court erred in denying the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

The plaintiff's challenge to the admissibility of uncertified medical records is raised for the first time on appeal and is not properly before this Court (*see Perez v City of New York*, 104 AD3d 661 [2013]; *Marinkovic v IPC Intl. of Ill.*, 95 AD3d 839 [2012]; *Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561 [2007]). Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur. **[Prior Case History: 2013 NY Slip Op 30786(U).]**