■ MATTHEW SENATORE, as Administrator of the Estate of FRANK SENATORE, Deceased, et al., Respondents, v BORIS EPSTEIN, M.D., et al., Appellants. [9 NYS3d 362]—

In an action to recover damages for medical malpractice, etc., the defendant Boris Epstein appeals, and the defendants Reginald Ashley Orr and Maimonides Medical Center separately appeal, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated August 7, 2013, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs payable to the defendants appearing separately and filing separate briefs, and the motions are granted.

Frank Senatore and his wife Tina Senatore, suing derivatively, brought this medical malpractice action against Boris Epstein, who was Frank Senatore's primary care physician, and Reginald Ashley Orr, who treated Frank Senatore at the emergency room at the defendant Maimonides Medical Center (hereinafter Maimonides). The complaint asserted causes of action alleging medical malpractice and medical malpractice based on lack of informed consent, and for loss of services. Frank Senatore died while this action was pending, and Matthew Senatore was substituted in his place as the administrator of his estate. After discovery was completed, Dr. Epstein moved for summary judgment dismissing the complaint insofar as asserted against him, and Dr. Orr and Maimonides made a separate motion for summary judgment dismissing the complaint insofar as asserted against them.

In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Barrocales v New York Methodist Hosp.*, 122 AD3d 648, 649 [2014]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]). Accordingly, a physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (*see Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]; *Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Roca v Perel*, 51 AD3d 757, 758-759 [2008]). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden (*see Gillespie v New York Hosp. Queens*, 96 AD3d at 902; *Stukas v Streiter*, 83 AD3d at 30). Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions (*see Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *Shields v Baktidy*, 11 AD3d 671, 672 [2004]). However, a plaintiff's expert's affidavit that is conclusory or speculative is insufficient to raise a triable issue of fact in opposition to a defendant's prima facie showing (*see Gillespie v New York Hosp. Queens*, 96 AD3d at 902).

The Supreme Court erred in denying those branches of the defendants' respective motions which were for summary judgment dismissing the cause of action alleging medical malpractice based on lack of informed consent insofar as asserted against each of them. The defendants established, prima facie, that they did not commit an "affirmative violation of [the] physical integrity" of Frank Senatore, which is "an essential element" of a cause of action for medical malpractice based on lack of informed consent (*Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 566-567 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Dr. Epstein established his prima facie entitlement to judgment as a matter of law with respect to the medical malpractice cause of action asserted against him by submitting an expert affirmation which was based upon the medical records, which demonstrated that he did not depart from the accepted standard of care in his treatment of Frank Senatore, and that, in any event, any alleged departure was not a proximate cause of his injuries. In opposition to that showing, the plaintiffs' expert's conclusory and speculative opinion failed to raise a tri-

able issue of fact as to whether Dr. Epstein departed from the accepted standard of care in his treatment of Frank Senatore and, if so, whether such alleged departure was a proximate cause of Frank Senatore's injuries (*see Simmons v Brooklyn Hosp. Ctr.*, 74 AD3d 1174, 1178 [2010]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [2006]).

In support of their separate motion, Dr. Orr and Maimonides submitted the detailed expert affirmations of three physicians, two of whom examined Frank Senatore. This evidence established, prima facie, that they did not depart from the accepted standard of care and that, in any event, the alleged departures did not proximately cause Frank Senatore's injuries. The opinion of the plaintiffs' expert submitted in opposition was conclusory and speculative, particularly on the issue of proximate causation. Therefore, that branch of their motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against them should have been granted as well (*see Rivera v Greenstein*, 79 AD3d 564, 568 [2010]). Eng, P.J., Leventhal, Hall and Roman, JJ., concur.