■ Josephine Schuck, Individually and as Administratrix of the Estate of Carl Schuck, Deceased, Respondent, v Stony Brook Surgical Associates et al., Appellants. [33 NYS3d 369]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 20, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff's decedent died after experiencing complications following aortic valve replacement surgery. These complications required the performance of a sternal reconstruction procedure. The decedent never regained consciousness after the reconstruction procedure and passed away on January 21, 2008.

The plaintiff commenced this action against the defendants alleging, inter alia, medical malpractice and lack of informed consent. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, finding that the opinions of the defendants' expert physician were conclusory and unsupported, and that even assuming that the defendants had established their prima facie entitlement to judgment as a matter of law, the plaintiff's expert had raised factual issues precluding summary judgment. The defendants appeal.

"To prevail on a motion for summary judgment in a medical malpractice action, the defendant must 'make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries' " (*McCarthy v Northern Westchester Hosp.*, 139 AD3d 825, 826 [2016], quoting *Matos v Khan*, 119 AD3d 909, 910 [2014]). In order to sustain this burden, the defendant is only required to address and rebut the specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars (*see Seiden v Sonstein*, 127 AD3d 1158, 1160 [2015]; *Bhim v Dourmashkin*, 123 AD3d 862 [2014]; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action. The defendants submitted the affirmation of their expert, Eugene Grossi, which addressed each of the alleged departures set forth in the complaint and bill of particulars, demonstrating that they did not depart from the accepted standard of care. Contrary to the Supreme Court's finding, Grossi's affirmation, which was based upon deposition testi-

mony and medical records, was not conclusory or unsupported by the record. In any event, the defendants' submissions also established that any alleged departure was not a proximate cause of the decedent's injuries and death (*see Senatore v Epstein*, 128 AD3d 794 [2015]; *Brinkley v Nassau Health Care Corp.*, 120 AD3d 1287 [2014]; *Shister v City of New York*, 63 AD3d 1032 [2009]).

The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing. The plaintiff's expert affirmation was conclusory and speculative (*see Senatore v Epstein*, 128 AD3d at 795; *Raucci v Shinbrot*, 127 AD3d 839 [2015]).

The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent. The defendants submitted transcripts of deposition testimony, medical records, and an expert's affidavit, which demonstrated that the decedent had signed a consent form for the aortic valve replacement surgery which stated, inter alia, that he had been informed about the proposed surgical procedure and the alternatives thereto, as well as the reasonably foreseeable risks and benefits, and that the defendant Thomas V. Bilfinger had properly informed the decedent during a pre-operative discussion about the proposed procedure and the alternatives thereto, as well as the reasonably foreseeable risks and benefits (*see Zapata v Buitriago*, 107 AD3d 977 [2013]; *Johnson v Staten Is. Med. Group*, 82 AD3d 708 [2011]; *Ortaglia v Scanlon*, 35 AD3d 421 [2006]). Furthermore, it cannot be said that a reasonable person in the decedent's position, fully informed, would have elected not to undergo the procedure (*see Zapata v Buitriago*, 107 AD3d at 979; *Johnson v Staten Is. Med. Group*, 82 AD3d at 709).

The plaintiff failed to raise a triable issue of fact in opposition. The plaintiff's expert did not opine that the consent given was qualitatively insufficient (*see Johnson v Jacobowitz*, 65 AD3d 610 [2009]; *Deadwyler v North Shore Univ. Hosp. at Plainview*, 55 AD3d 780 [2008]).

Based on the foregoing, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.