■ JUAN ORTIZ et al., Appellants, v WYCKOFF HEIGHTS MEDICAL CENTER et al., Respondents, et al., Defendants. [53 NYS3d 189]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 20, 2014, which granted the motion of the defendant Wyckoff Heights Medical Center for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate motion of the defendants Wyckoff Emergency Medicine Services, P.C., and Ilona Rozenberg for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Juan Ortiz (hereinafter the plaintiff) presented

to the emergency room of the defendant Wyckoff Heights Medical Center on May 27, 2010, complaining of fever, chills, headache, joint pain, dizziness, and bilateral ear pain since the previous day. All of his vital signs were normal and stable, as was his temperature. The defendant Ilona Rozenberg, the physician's assistant who treated the plaintiff, conducted a complete physical and cardiovascular examination which yielded normal results and which ruled out various types of infection such as bacterial ear infection, exudative tonsillitis, bronchitis, and pneumonia. The plaintiff's condition was noted as stable and improved, and he was diagnosed with viral syndrome and subsequently discharged from care with instructions to follow up with his primary care physician and to return to the emergency room if his symptoms worsened.

Seven days later, on June 3, 2010, the plaintiff presented at Beth Israel Medical Center with complaints of fever, nausea, and headache for the preceding 10 days. His temperature was 103.3 degrees, and he was admitted to the hospital, where he ultimately was diagnosed with and treated for endocarditis. The plaintiff, and his wife suing derivatively, thereafter commenced this action, alleging medical malpractice in the treatment the plaintiff received at Wyckoff Heights Medical Center. The Supreme Court granted the motion of the defendant Wyckoff Heights Medical Center, and the separate motion of the defendants Wyckoff Emergency Medicine Services, P.C., and Rozenberg, for summary judgment dismissing the complaint insofar as asserted against each of them. We affirm.

The elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was the proximate cause of injury (*see Sampson v Contillo*, 55 AD3d 588, 589 [2008]). Thus, on a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Bongiovanni v Cavagnuolo*, 138 AD3d 12, 16 [2016]). "[T]o defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

Here, on their separate motions, the defendants established their prima facie entitlement to judgment as a matter of law by submitting testimonial, documentary, and expert affirmation evidence demonstrating that they did not depart from

good and accepted medical practice in rendering care to the plaintiff, and that further diagnostic testing was unwarranted given his non-specific symptoms, his stable vital signs, and his normal physical examination. In opposition, the plaintiffs failed to raise a triable issue of fact, as their expert's opinion that additional medical testing should have been undertaken was conclusory, speculative, and based largely on hindsight reasoning (*see Schuck v Stony Brook Surgical Assoc.*, 140 AD3d 725, 727 [2016]; *Raucci v Shinbrot*, 127 AD3d 839, 842-843 [2015]; *Lau v Wan*, 93 AD3d 763, 765 [2012]; *Micciola v Sacchi*, 36 AD3d 869, 871 [2007]).

The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.