■ PAUL COLLETTI et al., Appellants, v EZRA DEUTSCH, M.D., et al., Respondents. [54 NYS3d 657]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered July 22, 2014, which, upon an order of the same court dated March 5, 2014, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Paul Colletti (hereinafter the plaintiff) had a history of treatment for coronary artery disease, including heart bypass surgery in 1988 and an angioplasty with the implementation of drug eluting stents in 2005 that was performed by the defendant Ezra Deutsch, a partner at the defendant Suffolk Heart Group, LLP (hereinafter together the defendants). Following the angioplasty in 2005, the plaintiff had regular examinations and testing by Deutsch to monitor his medications and cardiac health. At an appointment on December 6, 2006, the plaintiff sought clearance from Deutsch for a routine colonoscopy. At that time, Deutsch advised him that he was "cleared for a colonoscopy from a cardiac standpoint

[and that] he may come off of aspirin for a few days in advance of his procedure."

The plaintiff subsequently scheduled the colonoscopy for July 25, 2007, but on July 21, 2007, 3½ days after he stopped taking aspirin, the plaintiff sustained a heart attack and was taken to Southside Hospital, where it was determined that he had 100% occlusion due to stent thrombosis. New stents were implemented, which decreased the stenosis, and the plaintiff was released after four days.

The plaintiff, and his wife suing derivatively, commenced this medical malpractice action against the defendants, alleging that Deutsch deviated from the proper standard of care by advising the plaintiff to stop taking aspirin prior to the colonoscopy and that this caused him to sustain a heart attack with permanent damage to his heart. The defendants moved for summary judgment dismissing the complaint, relying upon their expert's affidavit, in which the expert opined that Deutsch's advice was appropriate and was not the cause of the plaintiff's injury. In opposition, the plaintiffs argued that there were triable issues of fact based on the opinions of their expert that Deutsch deviated from the proper standard of care and that this deviation caused permanent damage to the plaintiff. The Supreme Court granted the defendants' motion, and the complaint was dismissed.

"In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries. On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Leavy v Merriam*, 133 AD3d 636, 637 [2015] [citations omitted]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Nichols v Stamer*, 49 AD3d 832 [2008]). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (*Lyons v McCauley*, 252 AD2d 516, 517 [1998], citing *Koehler v Schwartz*, 48 NY2d 807 [1979]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the affidavit of an expert physician who stated that, based on his review of the medical records, Deutsch did not deviate from accepted standards of medical care in advising the plaintiff in December 2006 to stop taking aspirin a few days prior to the colonoscopy. The expert physician also opined that the care and treatment

by the defendants did not proximately cause the plaintiff's injuries.

The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing. The plaintiff submitted an illegibly signed and redacted expert affidavit that failed to identify their expert. A redacted physician's affidavit should not be considered in opposition to a motion for summary judgment where the plaintiff does not offer an explanation for the failure to identify the expert by name and does not tender an unredacted affidavit for in camera review. Such an affidavit is insufficient to raise a triable issue of fact (*see Capobianco v Marchese*, 125 AD3d 914, 916 [2015]; *France v Packy*, 121 AD3d 836 [2014]; *Derrick v North Star Orthopedics, PLLC*, 121 AD3d 741 [2014]; *Rose v Horton Med. Ctr.*, 29 AD3d 977, 978-979 [2006]). The plaintiff did not submit an unredacted affidavit for the court to review, and did not offer an explanation for his failure to identify the expert by name.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.