Prunty v Pastula (2019 NY Slip Op 02915)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Prunty v Pastula

2019 NY Slip Op 02915

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-04541
(Index No. 9376/07)

[*1]Peggy A. Prunty, et al., respondents, 
vLeonard Thomas Pastula, et al., appellants, et al., defendants.

Chesney, Nicholas & Brower, LLP, Syosset, NY (Rudolph P. Petruzzi of counsel), for appellant Leonard Thomas Pastula.
Bower Law, P.C., Uniondale, NY (Erin Deacy-Stalzer of counsel), for appellant St. Charles Hospital and Rehabilitation Center.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant St. Charles Hospital and Rehabilitation Center appeals, and the defendant Leonard Thomas Pastula separately appeals, from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated March 17, 2016. The order, insofar as appealed from by the defendant St. Charles Hospital and Rehabilitation Center, denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it or, in the alternative, pursuant to CPLR 3126 to dismiss the amended complaint insofar as asserted against it. The order, insofar as appealed from by the defendant Leonard Thomas Pastula, denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion of the defendant St. Charles Hospital and Rehabilitation Center which was for summary judgment dismissing the amended complaint insofar as asserted against it is granted, that branch of that defendant's motion which was pursuant to CPLR 3126 to dismiss the amended complaint insofar as asserted against it is denied as academic, and the motion of the defendant Leonard Thomas Pastula for summary judgment dismissing the amended complaint insofar as asserted against him is granted.
The plaintiffs commenced this action against, among others, the defendants St. Charles Hospital and Rehabilitation Center (hereinafter the hospital) and Leonard Thomas Pastula, a physician, seeking, inter alia, to recover damages for medical malpractice arising out of an alleged failure to diagnose the plaintiff Peggy A. Prunty (hereinafter the injured plaintiff) with an ear infection during an emergency room visit on August 18, 2005. The plaintiffs further alleged that as a result of malpractice by the hospital and Pastula, the injured plaintiff sustained substantial hearing loss. The hospital moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, and Pastula separately moved for summary judgment dismissing the amended complaint insofar as asserted against him. The Supreme Court denied both motions. The hospital and Pastula separately appeal.
The Supreme Court should have granted that branch of the hospital's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and [*2]Pastula's motion for summary judgment dismissing the amended complaint insofar as asserted against him. On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant has the initial burden of establishing that there was no departure from good and accepted medical malpractice or that any departure was not a proximate cause of the plaintiff's injuries (see Colletti v Deutsch, 150 AD3d 1196, 1197; Schuck v Stony Brook Surgical Assoc., 140 AD3d 725, 726; McCarthy v Northern Westchester Hosp., 139 AD3d 825, 826).
Here, on their separate motions, the hospital and Pastula established their prima facie entitlement to judgment as a matter of law through the submission of deposition testimony, medical records, and detailed expert affirmations addressing each of the alleged departures set forth in the amended complaint and the bills of particulars (see Schuck v Stony Brook Surgical Assoc., 140 AD3d at 726). These submissions demonstrated that the hospital and Pastula did not depart from good and accepted medical practice in the treatment rendered to the injured plaintiff, that further testing or referral to an otolaryngologist was not indicated by the injured plaintiff's symptoms or the results of her physical examination on August 18, 2005, and that, in any event, any alleged departure was not a proximate cause of her injuries (see Colletti v Deutsch, 150 AD3d at 1197-1198; Ortiz v Wyckoff Hgts. Med. Ctr., 149 AD3d 1093, 1094-1095). The plaintiff's expert affidavit in opposition was conclusory and speculative and failed to raise a triable issue of fact (see Ortiz v Wyckoff Hgts. Med. Ctr., 149 AD3d at 1095; Schuck v Stony Brook Surgical Assoc., 140 AD3d at 727; Senatore v Epstein, 128 AD3d 794, 796; Raucci v Shinbrot, 127 AD3d 839, 842-843).
Accordingly, the Supreme Court should have granted that branch of the hospital's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and Pastula's motion for summary judgment dismissing the amended complaint insofar as asserted against him.
In view of the foregoing, we do not consider the hospital's remaining contentions.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court