Rosner v Bankers Std. Ins. Co. (2019 NY Slip Op 04015)





Rosner v Bankers Std. Ins. Co.


2019 NY Slip Op 04015


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07405
 (Index No. 69671/13)

[*1]Gregg Rosner, et al., appellants, 
v
Bankers Standard Insurance Company, et al., defendants, Jay Bernstein, et al., respondents.


Lerner, Arnold & Winston, LLP, New York, NY (Jonathan C. Lerner of counsel), for appellants.
Delbello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Bradley D. Wank and Alfred E. Donnellan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated July 5, 2016. The order granted the motion of the defendants Jay Bernstein and Allison Bernstein for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On January 24, 2013, the defendants Jay Bernstein and Allison Bernstein (hereinafter together the defendants), as sellers, entered into a contract of sale with the plaintiffs, as buyers, for a house. The contract of sale contained language providing that, unless expressly stated, no covenant, warranty, or representation in the contract survived closing. A rider to the contract stated that the defendants were not aware of any mold or vermin infestation in the house. Prior to the closing, the plaintiffs conducted a home inspection which revealed, among other things, the presence of water staining and evidence of water infiltration on the interior of the house. The home inspection report stated that a mold evaluation was beyond the scope of the inspection and recommended that if the plaintiffs were concerned about potential mold issues, they should call a professional mold abatement company to perform an inspection. The report also stated that the need for some periodic general pest control should be anticipated. The plaintiffs did not undertake a mold inspection. The plaintiffs closed on the house on February 27, 2013.
According to the plaintiffs, almost immediately after she began getting the house ready to move into, the plaintiff Brooke Rosner began to experience, among other symptoms, headaches, lightheadedness, and dizziness when she was inside of the house which only abated after she left the house. On March 25, 2013, the plaintiffs had mold testing done of the house, which revealed extremely elevated levels of mold throughout the house. Further analysis confirmed proliferate mold growth in the house which allegedly rendered the house uninhabitable.
The plaintiffs commenced this action against their insurance company, Bankers Standard Insurance Company (hereinafter BSI), their home inspector, Blake Pre-Purchase [*2]Consultants, Inc. (hereinafter Blake), and the defendants. Against the defendants, the plaintiffs alleged, inter alia, breach of contract on the theory that the Bernsteins certified that the house was "free of damage, mold, infestation and other defects." After motion practice BSI and Blake settled with the plaintiffs. The Bernsteins then moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, to recover damages for breach of contract. The plaintiffs allege that the defendants breached the provision in the rider to the contract which stated that the defendants were not aware of any mold or infestation. However, once title to the property closed and the deed was delivered, "any claims the plaintiff[s] might have had arising from the contract of sale were extinguished by the doctrine of merger" since there was no "clear intent evidenced by the parties that [the relevant] provision of the contract of sale [would] survive the delivery of the deed" (Ka Foon Lo v Curis, 29 AD3d 525, 526 [internal quotation marks omitted]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the relevant portion of the rider survived the closing. Furthermore, "New York adheres to the doctrine of caveat emptor and imposes no duty on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (Jablonski v Rapalje, 14 AD3d 484, 485; see Rojas v Paine, 101 AD3d 843, 845). While the plaintiffs submitted an affidavit from a mold remediation specialist who concluded that the defendants must have been aware of the alleged mold condition and actively concealed the odor of mold in the home, the affidavit was speculative and conclusory (see Senatore v Epstein, 128 AD3d 794). In addition, the plaintiffs' submission of pest control service slips failed to raise a triable issue of fact as to whether the defendants actively concealed an alleged infestation of mice in the home.
The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, to recover damages for negligence. A simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether the defendants violated a legal duty independent of the contract. Since the defendants' legal duty did not spring from circumstances extraneous to the contract, the negligence cause of action must be dismissed as duplicative of the breach of contract cause of action (see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp., 14 AD3d 678).
Finally, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action, to recover damages for negligent misrepresentation. "A claim for negligent misrepresentation requires the plaintiff[s] to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant[s] to impart correct information to the plaintiff[s]; (2) that the information was incorrect; and (3) reasonable reliance on the information" (J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148). Here, the defendants demonstrated that there was no special or privity-like relationship between themselves and the plaintiffs in this arm's length transaction (see Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 663). Moreover, the defendants established that the alleged misrepresentations they made were not extraneous or collateral to the contract (see Heffez v L & G Gen. Constr., Inc., 56 AD3d 526). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the determination granting the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court