Zomber v Forde (2022 NY Slip Op 05891)

Zomber v Forde

2022 NY Slip Op 05891

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-13001
 (Index No. 605609/16)

[*1]Samuel Zomber, etc., respondent, 
v
Grace Forde, etc., et al., appellants, et al., defendant.

Kutner Friedrich, LLP, New York, NY (Charles E. Kutner of counsel), for appellants.
Rappaport, Glass, Levine & Zullo, LLP, Hauppauge, NY (Thomas P. Valet of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Grace Forde and North American Partners in Pain Management, LLP, appeal from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered October 23, 2019. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The decedent, Elliot Zomber, was treated by the defendant Grace Forde at the defendant North American Partners in Pain Management, LLP (hereinafter together the defendants), for, inter alia, facial pain from February 2013 through November 2015. During the course of this treatment, Forde prescribed the decedent, among other things, opioids for his pain. In November 2015, the decedent was treated by nonparty David Simpson, a neurologist, who described the decedent as depressed with suicidal ideation. On November 30, 2015, the decedent was found dead in his home. The medical examiner determined that the decedent's death was accidental, caused by "acute combined intoxication with hydromorphone and gabapentin."
In July 2016, the plaintiff commenced this action against the defendants, and another, inter alia, to recover damages for medical malpractice and wrongful death. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered October 23, 2019, the Supreme Court, among other things, denied the motion. The defendants appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860). "If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (id. at 860). Here, in opposition to the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, the plaintiff submitted, inter alia, the affidavit of his medical expert, which [*2]raised triable issues of fact, including as to whether the decedent died by suicide or accidental overdose, whether the defendants departed from good and accepted care, and whether such alleged departures were a proximate cause of the decedent's death (see Valenti v Gadomski, 203 AD3d 783, 785; Joynes v Donatelli, 190 AD3d 845, 847; Henry v Sunrise Manor Ctr. for Nursing and Rehabilitation, 147 AD3d 739, 741).
Contrary to the defendants' contention, although the certified death certificate submitted by the defendants in support of their motion was prima facie evidence that the decedent's death was accidental (see Public Health Law § 4103[3]), the plaintiff's expert's affidavit, which was based upon the expert's review of the decedent's medical records, was sufficient to rebut this presumption and raise a triable issue of fact as to whether the decedent died by suicide (see Fiorentino v TEC Holdings, LLC, 78 AD3d 766, 767). The plaintiff's expert's opinion that the decedent died by suicide was not speculative and unsupported by evidence, as the record demonstrated that the decedent suffered from depression and intractable pain, had access to opioids, and expressed to Simpson less than one month prior to his death that he had suicidal ideation.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The parties' remaining contentions either are not properly before this Court or have been rendered academic in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court