Reape v NCRNC, LLC (2023 NY Slip Op 00936)

Reape v NCRNC, LLC

2023 NY Slip Op 00936

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Index No. 805403/16 Appeal No. 17225 Case No. 2022-03101 

[*1]Kenneth Reape, as Administrator of the Estate of Hubert Reape, and Kenneth Reape, Individually, Plaintiff-Respondent,
v
NCRNC, LLC Doing Business as Northeast Center for Rehabilitation & Brain Injury, Defendant, HealthAlliance Hospital Broadway Campus Doing Business as The Kingston Hospital, Defendant-Appellant.

Scholes & Miller, PLLC, Fishkill (Ellen A. Fischer of counsel), for appellant.
Sanocki, Newman & Turret, LLP, New York (Carl B. Tegtmeier of counsel), for respondent.

Order, Supreme Court, New York County (Erika Edwards, J.), entered on or about June 21, 2022, which, to the extent appealed from as limited by the briefs, denied in part defendant HealthAlliance Hospital Broadway Campus d/b/a The Kingston Hospital's (Kingston) motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to dismiss plaintiff's wrongful death cause of action and his individual claims as against Kingston, and otherwise affirmed, without costs.
In light of plaintiff's lack of opposition, his individual claims against Kingston should have been dismissed.
The wrongful death cause of action should have also been dismissed as against Kingston. Only damages for pecuniary losses are available on a wrongful death cause of action, pecuniary losses exclude loss of consortium, and plaintiff explicitly waived damages for pecuniary losses (Estates, Powers and Trusts Law § 5-4.3; Liff v Schildkrout, 49 NY2d 622, 633 [1980]; see Gonzalez v New York City Hous. Auth., 77 NY2d 663, 669 [1991]).
Kingston's arguments regarding the qualifications of plaintiff's expert are not persuasive at this juncture (see Bartolacci-Meir v Sassoon, 149 AD3d 567, 571 [1st Dept 2017]; Limmer v Rosenfeld, 92 AD3d 609, 609 [1st Dept 2012]; cf. Vargas v St. Barnabas Hosp., 168 AD3d 596, 597 [1st Dept 2019]).
Kingston's argument that plaintiff's expert opinions regarding departure from the standard of care were contradicted by decedent's medical records, and thus failed to raise issues of fact in that regard, is also not persuasive. Plaintiff's expert sufficiently raised issues of fact, based on the record, as to whether Kingston turned and repositioned decedent every two hours and whether it implemented the use of specialty mattresses in compliance with the standard of care. Kingston provided only one page in the record from August 20, 2014 in which the nurses actually logged their bi-hourly turning and repositioning of the decedent. Furthermore, contrary to Kingston's assertion, plaintiff's expert correctly observed that the first record of a pressure relief mattress was on August 14, 2014, three days after decedent's admission on August 11. Kingston's argument that plaintiff's expert unreasonably inferred that a specialty mattress was removed when its presence was not noted in subsequent daily reports is not persuasive, because on this record, a reasonable jury could find that the absence of notes confirming that a specialty mattress was still in place could indicate that the mattress was removed.
Plaintiff sufficiently countered Kingston's prima facie showing on causation. Plaintiff's expert explicitly disagreed with Kingston's experts' opinions that decedent's ulcers were unavoidable, and contrary to their intimations, provided bases for his divergent opinion. Kingston does not address, or take issue with, those specific bases. The opinion of plaintiff's expert, that the ulcers proximately caused decedent's death, is sufficient [*2]because it is supported by the death certificate, which standing alone, would serve as proof of causation (see Public Health Law § 4103[3]; CPLR 4520; e.g. Fiorentino v TEC Holdings, LLC, 78 AD3d 766, 767 [2d Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023