Richter v Menocal (2023 NY Slip Op 02544)

Richter v Menocal

2023 NY Slip Op 02544

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-07729
 (Index No. 609119/17)

[*1]Denise Richter, appellant,
v
Ellen Menocal, etc., et al., respondents, et al., defendants.

Duffy & Duffy, PLLC, Uniondale, NY (Dorothy R. Renz of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered September 10, 2020. The judgment, insofar as appealed from, upon an order of the same court dated September 3, 2020, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants Ellen Menocal and Southside Hospital and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In this medical malpractice action, the plaintiff alleged that she sustained injuries as a result of the defendants' failure to timely diagnose and treat appendicitis. The defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion to the extent that it sought summary judgment dismissing the complaint insofar as asserted against the defendants Ellen Menocal and Southside Hospital (hereinafter the respondents). The Supreme Court granted the motion and entered judgment accordingly. The plaintiff appeals.
The defendants established prima facie entitlement to judgment as matter of law with respect to the respondents by submitting the expert affirmation of Dr. Gregory I. Mazarin, who was board certified in emergency medicine. Mazarin opined that the care and treatment rendered to the plaintiff by the respondents were at all times within the accepted standards of medical practice, that appendicitis/perforated appendix was appropriately included in the differential diagnosis and ruled out, that the treatment rendered in the emergency room by the respondents on September 20, 2016, was in full accord with good and accepted emergency medicine practice, and that there was nothing they did or did not do that proximately caused the plaintiff's alleged injuries (see Alao v Richmond Univ. Med. Ctr., 213 AD3d 722; Palagye v Loulmet, 203 AD3d 724, 727; Audette v Toussaint-Milord, 201 AD3d 779, 781). Mazarin addressed each of the alleged departures set forth in the complaint and bill of particulars (see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1091; Schuck v Stony Brook Surgical Assoc., 140 AD3d 725, 726), and his affirmation, which was based upon medical records and deposition testimony, was not conclusory or unsupported by the record (see Schuck v Stony Brook Surgical Assoc., 140 AD3d at 726-727).
The plaintiff failed to raise a triable issue of fact in opposition to the defendants' [*2]prima facie showing. The plaintiff submitted an affirmation from her expert physician, in which the identity of the expert was redacted. In its order granting the defendants' motion for summary judgment, the Supreme Court noted that the plaintiff "has failed to submit an unredacted original copy of her expert's affirmation." A redacted physician's affirmation should not be considered in opposition to a motion for summary judgment where the plaintiff does not offer an explanation for the failure to identify the expert by name and does not tender an unredacted affirmation for in camera review. Such an affirmation is insufficient to raise a triable issue of fact (see Montanari v Lorber, 200 AD3d 676, 680-681; Colletti v Deutsch, 150 AD3d 1196, 1198; Capobianco v Marchese, 125 AD3d 914, 916). The plaintiff provided no proof that she submitted an unredacted affidavit for the court to review, and did not offer an explanation for her failure to identify the expert by name (see Montanari v Lorber, 200 AD3d at 681; Colletti v Deutsch, 150 AD3d at 1198; Capobianco v Marchese, 125 AD3d at 916). Although the plaintiff's counsel claimed in a footnote in her affirmation in opposition to the defendants' motion that an unredacted version of the expert affirmation "will be made available to the Court for in camera inspection" (emphasis added), there is no proof in the record that the unredacted affirmation was ever actually provided to the court. The plaintiff asserts on appeal that the unredacted affirmation was mailed to the Supreme Court on February 28, 2020, and suggests that the court's failure to receive it was "likely due to the close of court operations beginning on March 16, 2020" in connection with the COVID-19 pandemic. However, the plaintiff provides no explanation as to why a document allegedly mailed on February 28, 2020 would not have arrived at the court before March 16, 2020.
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the respondents.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court