Johnson v Harlem Hosp. (2025 NY Slip Op 02645)

Johnson v Harlem Hosp.

2025 NY Slip Op 02645

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 452191/20|Appeal No. 4249|Case No. 2023-06651|

[*1]Valerie McBride Johnson, etc., Plaintiff-Respondent,
v
Harlem Hospital et al., Defendants-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Johnathan Schoepp-Wong of counsel), for appellants.
Horn Appellate Group, Brooklyn (Christen Giannaros of counsel), for respondent.

Order, Supreme Court, New York County (Erika Edwards, J.), entered December 11, 2023, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the medical malpractice and wrongful death causes of action insofar as those causes of action were premised on alleged departures with respect to the decedent's bowel and skin conditions, unanimously modified, on the law, the motion granted as to these causes of action insofar as they are premised on alleged departures with respect to the decedent's skin condition, and otherwise affirmed, without costs.
The affirmation of Jerald Wishner, M.D., defendants' colon and rectal surgery expert, was sufficient to meet defendants' prima facie burden of demonstrating the absence of a departure from the standard of care or of proximate causation with respect to their treatment of the bowel condition. Dr. Wishner opined that defendants did not depart from the standard of care, including in their decision to defer surgical intervention in favor of nonsurgical treatment and monitoring, citing the risks of surgery due to the decedent's comorbidities. Dr. Wishner further opined that the decedent's injuries were unavoidable in view of her comorbidities, and that the delay in performing surgery did not contribute to those injuries because the decedent's condition initially improved and prompt surgical intervention was performed once it began to consistently decline.
Plaintiff's objections to Dr. Wishner's affirmation are not properly considered because they are raised for the first time on appeal. In any event, Dr. Wishner's opinions were not conclusory or unsupported by the record.
However, the affirmation of plaintiff's gastroenterology expert was sufficient to raise issues of fact precluding summary judgment with respect to the claims related to the bowel condition. The gastroenterologist opined that the standard of care required that surgery be immediately performed when the June 26, 2018, 4:13 a.m. abdominal CT scan revealed pneumoperitoneum. The gastroenterologist further opined that the two-day delay in surgical intervention "likely . . . led to soiling of the peritoneal cavity and peritonitis which resulted in the subsequent perforations in the intestine" and necessitated additional surgeries.
Furthermore, this expert's affirmation was properly considered. Supreme Court, which was in the best position to evaluate defendants' argument that the affirmation should not be considered because no unredacted version was submitted for in camera review, implicitly rejected this argument (see CPLR 3101[d][1][i]; Richter v Menocal, 216 AD3d 823, 824 [2d Dept 2023]). Plaintiff's expert, a licensed and board-certified gastroenterologist, was also sufficiently qualified to opine regarding the treatment of a perforated bowel. Contrary to defendants' claim, the expert's opinions did not require surgical expertise, as they pertained to whether surgical (as opposed to nonsurgical) intervention [*2]was necessary, not to the appropriateness of the surgical techniques employed (cf. Bartolacci-Meir v Sassoon, 149 AD3d 567, 572 [1st Dept 2017] [ "a gastroenterologist may well be qualified to render an opinion on a surgical procedure involving the gastrointestinal system"]). Moreover, plaintiff's gastroenterologist did not improperly raise new theories of liability not addressed in the complaint or bill of particulars, but "merely expounded upon" the allegations in the bill of particulars (Maestri v Pasha, 198 AD3d 632, 635 [2d Dept 2021]).
The affidavit of Lena Rome, defendants' registered nurse, was not sufficient to demonstrate the absence of a departure from the standard of care with respect to defendants' treatment of the skin condition. Nurse Rome opined that defendants did not depart from the standard of care because proper protocols were in place to prevent and treat pressure ulcers. However, it is not clear, as a factual matter, whether the turning and repositioning protocols were consistently followed (see Bradley v St. Barnabas Hosp., 227 AD3d 521, 521 [1st Dept 2024]; Reape v NCRNC, LLC, 213 AD3d 538, 539 [1st Dept 2023]; Pichardo v St. Barnabas Nursing Home, Inc., 134 AD3d 421, 424-425 [1st Dept 2015]).
Nonetheless, Nurse Rome's affirmation was sufficient to demonstrate the absence of proximate causation. Nurse Rome opined that defendants did not proximately cause the decedent's pressure ulcer-related injuries because these were unavoidable in view of her comorbidities (see Vargas v St. Barnabas Hosp., 168 AD3d 596, 596-597 [1st Dept 2019]; Craig v St. Barnabas Nursing Home, 129 AD3d 643, 644 [1st Dept 2015]). This aspect of Nurse Rome's opinion is supported by the record.
Plaintiff's remaining objections to Nurse Rome's affirmation are not properly considered because they are raised for the first time on appeal. We note, however, that as a registered nurse, board-certified in wound ostomy continence nursing with experience caring for patients with complex health conditions and pressure ulcers, Nurse Rome is sufficiently qualified to opine about pressure ulcers, the prevention and treatment of which (at least in this case) was largely the responsibility of the nurses (see O'Connor v Kingston Hosp., 166 AD3d 1401, 1402 [3d Dept 2018]).
Although defendants failed to demonstrate the absence of a departure with respect to their treatment of the skin condition, we need not examine the sufficiency of plaintiff's opposition on this point (see generally Winegrad v New YorkUniv. Med. Ctr., 64 NY2d 851, 853 [1985]), because the affirmation of plaintiff's geriatric medicine expert was not sufficient to raise issues of fact with respect to proximate causation of the skin condition. Plaintiff's expert, as a medical doctor specializing in geriatric medicine, was sufficiently qualified to opine about the prevention and treatment of pressure ulcers (see Pichardo, 134 AD3d at 424). The expert failed, however, to address or even acknowledge the decedent's [*3]significant comorbidities and how they may have contributed to her injuries (see Vargas, 168 AD3d at 597; Craig, 129 AD3d at 644).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025