Latta v City MD

2026 NY Slip Op 02109

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kristina Latta, etc., appellant,

v

City MD, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2021-05180, (Index No. 152536/17)

Angela G. Iannacci, J.P.

Cheryl E. Chambers

Lillian Wan

Janice A. Taylor, JJ.

Queller, Fisher, Washor, Fuchs & Kool (Matthew J. Maiorana and The Law Office of William A. Gallina, LLP, New York, NY, of counsel), for appellant.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell of counsel), for respondents.

[*1]

DECISION & ORDER

In a consolidated action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated June 21, 2021. The order, insofar as appealed from, granted the motion of the defendants City MD, City Medical Group, PLLC, City Medical of Staten Island, PLLC, City Practice Group of New York, LLC, and Rex Waggoner, Jr., for summary judgment dismissing the complaint insofar as asserted against them.

ORDERED that the order is affirmed insofar as appealed from, with costs.

On March 3, 2016, Jonathan Latta (hereinafter the decedent) presented at the defendant City MD with complaints of shortness of breath and cough with sputum for three days. At approximately 11:22 a.m., the decedent was seen by the defendant Rex Waggoner, Jr., who, among other things, took the decedent's medical history, which included a history of blood clots. Waggoner then, among other things, ordered a D-dimer blood test to rule out the presence of blood clots. At approximately 6:07 p.m., City MD received the results of the blood test, which showed that the decedent's D-dimer level was elevated. Minutes later, Waggoner called the decedent and directed him to go immediately to an emergency room. The decedent died at a hospital on March 5, 2016.

Thereafter, the plaintiff commenced separate actions, which were later consolidated, against City MD, Waggoner, and the defendants City Medical Group, PLLC, City Medical of Staten Island, PLLC, and City Practice Group of New York, LLC (hereinafter collectively the defendants), among others, inter alia, to recover damages for medical malpractice, alleging that the decedent's death was a result of Waggoner's failure to immediately send the decedent to a hospital for appropriate testing. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 21, 2021, the Supreme Court, among other things, granted the defendants' motion. The plaintiff appeals.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" [*2](Avgi v Policha, 232 AD3d 838, 839 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 23). "In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d 1149, 1150).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting a transcript of Waggoner's deposition testimony and an affirmation of an expert physician, which established that Waggoner did not depart from good and accepted medical practice in the care and treatment of the decedent (see Ortiz v Wyckoff Hgts. Med. Ctr., 149 AD3d 1093, 1094-1095; Stukas v Streiter, 83 AD3d at 30-31). In opposition, the plaintiff failed to raise a triable issue of fact (see Homan v David Seinfeld, M.D., PLLC, 164 AD3d 1147, 1148; Ortiz v Wyckoff Hgts. Med. Ctr., 149 AD3d at 1095).

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court